People v Kyser (2018 NY Slip Op 01160)





People v Kyser


2018 NY Slip Op 01160


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


5756 1639/13

[*1]The People of the State of New York, Respondent,
v
Avery Kyser, Defendant-Appellant.


The Legal Aid Society, New York (David Crow of counsel), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Nora Ahmed of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J. at suppression hearing; Bruce Allen, J. at jury trial and sentencing), rendered August 4, 2015, convicting defendant of burglary in the first degree, attempted assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of nine years, unanimously reversed, on the law and as an exercise of discretion, and the matter remanded for a new trial.
The People had omitted the complainant from their witness list because they were unable to locate him in the two years between the incident and the trial. However, after the jury was selected, and just before opening arguments, they advised the court that they had located the complainant, and the court permitted him to testify the next day.
Defense counsel clearly "relied to her detriment on her expectation that the People would not call this witness," the sole eyewitness to the incident, and was substantially prejudiced by the change of course (People v Pedraza, 25 AD3d 394, 394 [1st Dept 2006], lv denied 7 NY3d 760 [2006]). Defense counsel had used voir dire to question jurors about other issues, including their ability to evaluate videotape evidence, believing that this would be the main evidence in the case, and she had not questioned prospective jurors about their ability to impartially evaluate a victim's testimony. In addition, because the defense had represented to the jury during voir dire that no complainant would appear, the complainant's appearance at trial would undermine the defense's credibility.
Thus, as counsel pointed out, her questioning and selection of jurors was geared entirely to a trial without the complainant's testimony, and was totally unsuited to a trial with his testimony. The court, having denied defense counsel's request to preclude the complainant's testimony, should have granted counsel's alternative request, made prior to opening arguments, to select a new jury.
We have considered and rejected defendant's arguments regarding the sufficiency and weight of the evidence, and the suppression proceedings. Since we are ordering a new trial, we find it unnecessary to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK